IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00089-KAS

S.S.,[1] a minor child, and
ROBIN SUSON, as next best friend,

  Plaintiffs,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign corporation licensed to conduct business in Colorado,

  Defendant.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiffs' **Unopposed Motion for Remand** [#10] (the "Motion"). Plaintiffs assert that Defendant's Notice of Removal [#1] was untimely filed, thus removal was improper. *See Motion* [#10] at 5. Defendant does not oppose the relief requested. *Id.* at 1 (conferral statement).

Pursuant to 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Under 28 U.S.C. § 1447(c), a litigant may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within 30 days of the notice of removal's filing. "A defendant's untimeliness in filing his notice of removal is 'precisely the type of removal defect contemplated by § 1447(c)." *Garrett v.*

_____

[1] Pursuant to Fed. R. Civ. P. 5.2(a)(3), in court filings containing "the name of an individual known to be a minor", "the filing may include only: . . . the minor's initials[.]"

*Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995)); *see also Huffman v. Saul Holdings, Ltd.*, 194 F.3d 1072, 1077 (10th Cir. 1999) ("The failure to comply with [§ 1446(b)'s] express statutory requirements for removal can fairly be said to render the removal defective and justify a remand.").

Here, Defendant was served a copy of the Complaint, Summons, and Civil Case Cover Sheet on December 6, 2024. *See Affidavit of Service* [#5]. On December 23, 2024, in state court, Defendant moved for an extension of its responsive pleading deadline, which the court granted. *See Mot. for Extension of Time* [#1-10]; *Order* [#1-11]. However, Defendant did not request, and the state court did not grant, a similar extension to the removal deadline. *See Order* [#1-11]. Thus, the removal deadline remained January 5, 2025. *See, e.g., Crouch v. Roberts Enters. Invs., Inc.*, No. 20-cv-0988 SMV/CG, 2021 WL 371517, at *2 (D.N.M. Feb. 3, 2021) (stating that an extension of the responsive pleading deadline did not automatically include an extension of the removal deadline "because the two deadlines are not interchangeable"). However, Defendant did not file a Notice of Removal [#1] until January 10, 2025, exactly 35 days after it was served. The Court finds that Defendant's Notice of Removal is untimely and therefore defective, and upon Plaintiffs' request, the Court must remand this case to Colorado state court. Moreover, given Defendant's non-opposition to the relief sought,

IT IS HEREBY **ORDERED** that this case shall be assigned to a District Judge under D.C.COLO.LCivR 40.1(a) and D.C.COLO.LCivR 40.1(c)(8).

IT IS HEREBY **RECOMMENDED**[2] that the **Unopposed Motion for Remand** [#10] be **GRANTED** and that this case be remanded pursuant to 28 U.S.C. § 1447(c) on the basis of defective removal.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: January 27, 2025                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

---

[2] Pursuant to D.C.COLO.LCivR 72.3(a), motions to remand are dispositive motions.